# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

---

Lachlan Gross,
Plaintiff

v.

Home Depot U.S.A., Inc.,
Richard Buchanan,
Defendants

04 Civ. 9731 (SCR)

**MEMORANDUM DECISION AND ORDER**

---

## I. Background

### A. Factual History

Lachlan Gross (the "Plaintiff") is an individual residing in the Village of Port Jervis, New York.

Home Depot U.S.A., Inc. ("Home Depot") is a Delaware corporation with its principal place of business in Georgia. Richard Buchanan ("Buchanan"; Home Depot and Buchanan are collectively referred to herein as "Defendants") is a New York State resident and a Home Depot employee.

The Plaintiff, who was employed by Home Depot as an Assistant District Manager, reported to Buchanan at times relevant to this complaint. During the course of her employment, the Plaintiff applied for promotions to positions of Store Manager and Assistant Store Manager, but was neither interviewed nor hired. Instead, she claims, less-qualified males were given a majority of the positions she was denied.

Plaintiff complained to Buchanan and Sharon Flagg, a representative of Home Depot's Human Resources department, about what she perceived to have been discriminatory treatment. In her view, however, her complaints fell on deaf ears. In fact, she claims that Buchanan threatened Plaintiff with retaliation for having complained, and that she was advised that she would have to accept a demotion to a supervisory level position before she could be promoted. Ultimately, Plaintiff claims that she was discharged.

### B. Procedural History

In August 2004, the Plaintiff filed this case in the Supreme Court of the State of New York, County of Orange, alleging two causes of action: 1) discrimination because of gender, in violation of the New York State Human Rights Law, N.Y. EXEC. LAW §296 ("NYHRL"); 2) retaliation, also in violation of the NYHRL. In December 2004, Home Depot removed the action to this court on the basis of diversity jurisdiction.

In January 2005, the Plaintiff filed a motion to remand on the ground that Defendant Buchanan's residence in New York destroys the complete diversity necessary for federal jurisdiction. In conjunction with its motion to remand, Plaintiff is seeking an award of just costs, actual expenses and attorneys fees against the Defendants.

Later that month, the Defendants filed their opposition to Plaintiff's motion, arguing that Buchanan had been fraudulently named as a Defendant for the purposes of destroying diversity jurisdiction. At the same time, the Defendants filed their own partial motion to dismiss all claims against Buchanan as a party defendant.

## II. Analysis

### A. Background

In considering a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), the court accepts as true all material factual allegations in the complaint and draws all reasonable inferences in favor of the non-movant. *Still v. DeBuono*, 101 F.3d 888, 891 (2d Cir. 1996). The court may grant the motion only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Id.* at 891.

### B. Plaintiff's Motion to Remand and Defendants' Cross-Motion to Dismiss

When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court, 28 U.S.C. § 1441(a), provided that no defendant "is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

Plaintiff argues that this court does not have diversity jurisdiction because both the Plaintiff and one of the Defendants, Buchanan, are citizens of state of New York. Defendants counters that Plaintiff fraudulently named Buchanan as a defendant in order to defeat diversity jurisdiction, and that all claims against Buchanan should be dismissed.

It is well-settled that a plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy. *See Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460-61 (2d Cir. 1998). In order to show that naming a non-diverse defendant is a "fraudulent joinder" effected to defeat diversity, the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court. *See id.* at 461.

Here, Defendants argue that Buchanan could not possibly be held liable based on the pleadings in the complaint. Defendants base this argument on their contention that Plaintiff has failed to state a cause of action against Buchanan because the complaint does

not directly allege that Buchanan was responsible for any adverse employment action taken against Plaintiff.[1]

Although Defendants' argument that Plaintiff has failed to allege a cognizable adverse employment action by Buchanan is persuasive,[2] Defendants improperly assume that the standard for fraudulent joinder is the same as the standard for a motion to dismiss. *See Dexter v. A C & S, Inc.*, 2003 U.S. Dist. LEXIS 20745, at *7 (S.D.N.Y. 2003) (it is not enough for removing defendants to show that plaintiff's cause of action would not survive a motion to dismiss); *Vasura v. Acands*, 84 F. Supp. 2d 531, 539 (S.D.N.Y. 2000) (a non-diverse defendant will be disregarded in ascertaining the existence of diversity on a remand motion if that defendant has no real connection to the case and is named merely to defeat diversity jurisdiction).

Even if Defendants have satisfied the motion to dismiss standard, they have not demonstrated that Buchanan has no connection with the controversy, or that it is legally impossible for him to ultimately be held liable. Plaintiff has alleged, and Defendant has not contested, that Plaintiff reported to Buchanan at some times relevant to the complaint and that Buchanan was personally involved in Home Depot's response to Plaintiff's allegations.

Because the Defendants have failed to meet the burden for establishing fraudulent joinder, the court must consider Buchanan's citizenship in evaluating this court's subject matter jurisdiction. Since Buchanan's citizenship in New York destroys the complete diversity necessary for diversity jurisdiction, Plaintiff's motion to remand must be granted and this court need not, and must not, decide Defendants' motion to dismiss.

### C. Plaintiff's Motion for Costs, Expenses And Attorneys' Fees

Although Plaintiff's motion to remand has been granted, the court declines to grant Plaintiff's motion for costs and fees. The award of costs and fees is a matter committed largely to the discretion of the Court. *See Morgan Guaranty Trust Co. v. Republic of Palau*, 971 F.2d 917, 924 (2d Cir. 1992). In determining whether costs and fees are warranted, courts in this district have refused to grant fees where, as here, the grounds for removal were substantial or presented a close question. *See E. States Health & Welfare Fund v. Philip Morris*, 11 F. Supp. 2d 384, 407 (S.D.N.Y. 1998). *See also Rubin v. MasterCard Int'l, LLC*, 342 F. Supp. 2d 217, 221 (S.D.N.Y. 2004) (granting motion to remand but refusing to grant motion for costs because removal was non-frivolous).

---

[1] It is well-settled that, in order to allege a *prima facie* case of gender discrimination, the Plaintiff must allege (1) membership in a protected class/age group; (2) qualification for the position; (3) an adverse employment decision/discharge; and (4) that the decision/discharge took place under circumstances giving rise to an inference of discrimination. *See Austin v. Ford Models, Inc.*, 149 F.3d 148, 152 (2d. Cir. 1998). Similarly, to establish a *prima facie* case for retaliation, a plaintiff must show that (1) the employee was engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered an adverse employment action; and (4) there was a causal connection between the protected activity and the adverse employment action. *See Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1178 (2d Cir. 1996).

[2] Plaintiff has not alleged that Buchanan denied her any of the promotions for which she applied or took any action to demote her. With respect to her retaliation claim, Plaintiff has accused Buchanan of, at most, threatening to retaliate against her, but a threat of retaliation, by itself, does not constitute an adverse employment action. *See Bennett v. Watson Wyatt & Co.*, 136 F. Supp. 2d 236, 248 (S.D.N.Y. 2001).

Finding that the Defendants' offered substantial, if not ultimately persuasive, grounds for removal, Plaintiff's motion for costs and fees must be denied.

### III.    Conclusion

For the foregoing reasons, Plaintiff's motion to remand is GRANTED, but Plaintiff's motion for costs, expenses and attorneys fees in connection thereto is DENIED.

The clerk of the court is directed to close this case.
It is so ordered.

Dated: White Plains, New York
April 14, 2005

_____
Stephen C. Robinson, U.S.D.J